UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-19-H

GRIFFCO QUALITY SOLUTIONS, INC., et al.
                                  PLAINTIFFS

V.

TIER 1 CONSULTING, L.L.C., et al.                DEFENDANTS

V.

KEVIN REILLY, et al.                THIRD-PARTY DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

   Tier 1 Consulting, L.L.C. ("Tier 1") has moved for a temporary restraining order ("TRO") and preliminary injunction against a variety of individuals and companies associated with Griffco Quality Solutions, Inc. ("Griffco"). Tier 1 contracted with Griffco to purchase the Griffco name and its business for $2,300,000.00, part of which was financed through a bank and part of which was financed by Griffco's owner, Deborah Thompson. As a part of that contract, Thompson and other Griffco agents agreed not to compete with Tier 1. Due to the economic downturn, Tier 1 stopped making payments to the bank and Thompson. Thompson subsequently began competing with Tier 1 and disclosed a dispute related to the use of the name "Griffco" to several clients of Tier 1. Tier 1 claims it is entitled to injunctive relief to prevent this competition because it is in violation of the non-compete clause of the purchase agreement.

   When ruling on a motion for a TRO, the Court considers four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether denial of injunctive relief will cause irreparable harm to the movant; (3) whether the requested relief will cause substantial

harm to others; and (4) whether the public interest would be served by the preliminary injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). Where there is a material factual dispute related to the motion, the Court holds an evidentiary hearing. *Certified Restoration Dry Cleaning Network, L.L.C. v Tenke Corp.*, 511 F.3d 535, 553 (6th Cir. 2007). However, where there is no material factual dispute, a hearing is unnecessary. *Id.* Although there are multiple factual disputes in this case related to peripheral issues, the undisputed facts of the pleadings show that Tier 1 cannot establish an entitlement to a TRO. Thus, the Court finds that an evidentiary hearing is unnecessary and the motion will be denied.

First, the Court finds that Tier 1 cannot show a strong likelihood of success on the merits. Tier 1 asserts that injunctive relief is necessary to prevent continued violations of the non-compete clause of the purchase agreement. However, Tier 1 admits it breached that agreement by failing to make the required payments. As a general rule, such a breach would allow Griffco and its agents to breach the non-compete clause. Thus, for Tier 1 to have any likelihood of success on the merits, it would have to show that Thompson and Griffco's actions are improper for reasons other than violation of the non-compete clause. Tier 1 has not sufficiently pled any such improprieties. While Tier 1 has generally asserted that Thompson has acted fraudulently, at the conference they offered no method of proving a strong likelihood of success on a fraud claim. Thus, Tier 1 cannot establish this first factor for entitlement to a TRO.

Second, Tier 1 has not explained how monetary damages are insufficient to compensate for any injuries resulting from Griffco's current activities. In part, Tier 1 appears to allege that Griffco is taking contracts or money rightfully belonging to Tier 1. Even if Tier 1 can prove such a claim, monetary damages will fully compensate it. The rest of its claims are based on the

non-compete clause, and, as discussed, there is no evidence of a strong likelihood of success on those claims.

The Court also finds that granting an injunction in this case would likely cause significant harm to Thompson, Griffco and its agents. In essence, it appears that Tier 1 seeks an injunction forcing Thompson and Griffco to abide by the non-compete clause. However, Tier 1 has admittedly not complied with its payment obligations under that agreement. Therefore, to grant the injunction would leave Thompson and Griffco without the money they are owed for their business and without the ability to earn new money through competition. Such injury is generally guarded against by requiring the moving party to post a bond. Tier 1 has not indicated an ability to put forth a sufficient bond in this case. Given Tier 1's current indebtedness and admitted inability to repay its loans, it is highly unlikely such a bond can be posted.

Considering all of the important factors, the Court finds that Tier 1 has not established, and will not be able to establish, a right to a TRO. Therefore, and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Tier 1's Motion for a Temporary Restraining Order and Preliminary Injunction is DENIED.

cc: Counsel of Record